UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GLOBALTRANZ ENTERPRISES, LLC, | ) | CASE NO. 5:21-cv-330 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| | ) | ORDER |
| STATE TO STATE FREIGHT, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Globaltranz Enterprises, LLC ("plaintiff") is a "logistics company and freight broker that provides third-party logistics services to its customers[.]" (Doc. No. 1 (Complaint) ¶ 2.) Defendant State to State Freight, LLC ("defendant") "was licensed as a for-hire motor carrier of property, operating in interstate commerce[.]" (*Id.* ¶ 5.) On February 10, 2021, plaintiff brought this action to recover damages under a broker-carrier agreement. After defendant failed to timely respond to plaintiff's complaint, the Clerk of Courts entered an entry of default against defendant pursuant to Fed. R. Civ. P. 55(a). (Doc. No. 9 (Default Entry); *see* Doc. No. 8 (Application for Default Entry).) Plaintiff thereafter moved for a default judgment pursuant to Fed. R. Civ. P. 55(b). (Doc. No. 10 (Motion for Default).) Defendant did not file a response and the time for doing so has expired. In now moving for a default judgment, plaintiff seeks a judgment for $68,003.28 in damages and post-judgment interest against defendant. (Doc. No. 10 at 2.)[1]

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

## I. BACKGROUND

On December 21, 2018, plaintiff and defendant entered into a broker-carrier agreement ("Agreement"), whereby defendant agreed to transport frozen food products from Jonesboro, Arkansas, to Streetsboro, Ohio on behalf of plaintiff's customer. (Doc. No. 1 ¶¶ 11–12.) The bill of lading provided that the products were to be maintained at -10º Fahrenheit at all times during shipment. (*Id.* ¶¶ 16–17.) According to the complaint, defendant failed to maintain the required -10º F temperature during shipment and the products were ruined. (*Id.* ¶¶ 18–19.) Due to the loss of the food products, plaintiff's customer incurred costs in the amount of $68,003.28, including the cost of transporting the damaged products to a facility for disposal. (*Id.* ¶¶ 24–26.) Subsequently, on January 17, 2020, plaintiff issued payment to its customer in the amount of $68,003.28 for the damaged products. (*Id.* ¶ 35.)

Under the terms of the Agreement, defendant agreed to assume liability for any loss or damage to plaintiff's customers' freight, and further agreed to indemnify plaintiff for any claims, damages, attorney's fees, and costs resulting from defendant's breach of the Agreement. (*Id.* ¶¶ 27–28.) Accordingly, plaintiff now seeks to recover from defendant its losses under the Agreement and raises claims under the Carmack Amendment, 49 U.S.C. § 14706 (Count One), and breach of contract (Count Two). (*See generally* Doc. No. 1.)

## II. STANDARD OF REVIEW

Federal Rules of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P.

55(a). Subsequently, unless a claim is for a sum certain or a sum that can be made certain by computation, plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). "Even if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Anderson v. Johnson*, No. 98-1931, 1999 WL 1023753, at *2 (6th Cir. No. 4, 1999) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992)). In considering a motion for default judgment, all "factual allegations of the complaint, except those related to the amount of damages, will be taken as true." *Harris v. Cooley*, No. 1:17-cv-540, 2019 WL 1573260, at *1 (S.D. Ohio Apr. 11, 2019). If the defaulting party is found liable for the cause of action, that "does not resolve issues relating to damages." *Antonie v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Under Rule 55(b), if the amount of damages is unclear "the court may conduct hearings or make referrals" in order to "determine the amount of damages[.]" Fed. R. Civ. 55(b)(2).

### III. DISCUSSION

To make a cognizable claim pursuant to the Carmack Amendment, a shipper must establish the following: (1) the delivery of goods to the carrier in good condition, (2) the arrival of goods in damaged condition, and (3) the amount of damages measured by actual loss. *Great West Cas. Co. v. Flandrich*, 605 F. Supp. 2d 955, 966 (S.D. Ohio 2009) (citing *Missouri Pacific R.R. v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S. Ct. 1142, 12 L. Ed. 2d 194 (1964)). The Carmack Amendment also has a jurisdictional threshold of $10,000 that must be satisfied. *See* 28

U.S.C. § 1337(a) ("the district court shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs"). If the shipper establishes a *prima facie* case, the burden of proof shifts to the carrier "to show both that it was free from negligence and that the damage to the cargo was due to one of the expected causes relieving the carrier of liability. *Missouri Pacific R.R.*, 377 U.S. at 138 (citations omitted).

Here, plaintiff sufficiently alleges that the goods in question were delivered to defendant in good condition, that the goods arrived at their final destination in damaged condition, and that the amount of damages was $68,003.28. (Doc. No. 1 ¶¶ 39–47.) As to evidentiary proof of damages, plaintiff has appended to its motion the affidavit of Jeffrey Simmons and the Loss and Damages Claim establishing damages in the amount of $68,003.28 (Doc. No. 10-1 ¶ 2 (referencing Exhibit A-1 [Loss and Damage Claim]); *see* Doc. No. 10-1 ¶ 3 (referencing [Agreement] at 8–15); *id.* ¶ 7 (referencing Exhibit A-3 [General Release, Settlement and Assignment of Claim]).)

Accepting plaintiff's allegations of liability as true, plaintiff has established a *prima facie* case under the Carmack Amendment, and has offered sufficient evidentiary proof as to the amount of damages it has sustained. Further, defendant has failed to satisfy plaintiff's losses (Doc. No. 1 ¶¶ 31–32; *see* Doc. No. 10-1 ¶¶ 5–6 (referencing Exhibit A-2 [Letter Demand]), and has otherwise failed to offer any evidence in support of its burden to show that it was free of negligence and/or that the damage to the cargo in question was one of the expected causes recognized under the Carmack Amendment. Accordingly, default judgment is GRANTED in

favor of plaintiff on its first claim of relief and against defendant in the amount of $68,003.28.[2]

Additionally, plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961(a). The purpose of post-judgment interest is to compensate the prevailing party for the time-value of money lost between the occurrence of damages and the defendant's payment at a later date. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36, 110 S. Ct. 1570, 108 L. Ed. 2d 842 (1990) (quotation marks and citation omitted). 28 U.S.C. § 1961(a) requires post-judgment interest to be paid on money awarded by district courts in civil actions. *Broad Street Energy Co. v. Endeavor Ohio, LLC*, No. 2:12-cv-711, 2014 WL 12657033, at *4 (S.D. Ohio Nov. 14, 2014) (citing *O'Sullivan Corp. v. Duro-Last, Inc.*, 7 F. App'x 509, 519 (6th Cir. 2001)). The district court has no discretion to deny post-judgment interest, as it is mandatory. *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002). 28 U.S.C. § 1961(a) further dictates that, "[s]uch interest shall be calculated from the date of the entry of the judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Accordingly, defendant is ORDERED to pay post-judgment interest at the applicable statutory rate from the date of this Order until the judgment is satisfied.

---

[2] The Carmack Amendment is the sole remedy available to a shipper seeking damages from a carrier resulting from the interstate shipment of goods, and it preempts all state law claims arising from the same shipping incident. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06, 33 S. Ct. 148, 57 L. Ed. 314 (1913); *see also Auto. Window Mach., Inc. v. McKay Ins. Agency, Inc*., 320 F. Supp. 2d 619, 620 (N.D. Ohio 2004) (The doctrine of complete preemption eliminates state law claims against carriers and preserves uniform treatment of the carrier-shipper relationship). Because plaintiff's breach of contract claim arises from the same set of facts as its claim under the Carmack Amendment, its state law claim is preempted.

### IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment is GRANTED in favor of the plaintiff and against defendant in the amount of $68,003.28, along with post-judgment interest at the applicable statutory rate as set forth above. The Clerk shall enter judgment in favor of plaintiff and against defendant accordingly.

**IT IS SO ORDERED**.

Dated: October 27, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**